**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

Case No.: 0:22-cv-61151-WPD

JONATHAN CHILDRESS,

      Plaintiff,

v.

HEALTHCARE REVENUE RECOVERY
GROUP, LLC d/b/a ARS ACCOUNT
RESOLUTION SERVICES,

      Defendant.

_____/

**DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES ("HRRG"), and files its Amended Answer and Affirmative Defenses to the Plaintiff's Complaint for Damages in the above-entitled matter, denies each and every allegation in the Complaint [DE 1], unless otherwise admitted or qualified in this Answer, and states and alleges as follows:

**JURISDICTION**

1.    Admitted for purposes of personal jurisdiction, venue, and claims identification only; otherwise denied.

2.    Admitted for purposes of venue only; otherwise denied.

**PARTIES**

1

3.     Admitted for purposes of personal jurisdiction, venue, and claims identification only; otherwise denied.

4.     Admitted for purposes of personal jurisdiction, venue, and claims identification only; otherwise denied.

## DEBT

5.     Admitted.

6.     Admitted.

7.     Admitted to the extent that Defendant HRRG was retained by the original creditor to seek repayment of the underlying debt obligation from Plaintiff.  Otherwise, denied.

8.     Admitted to the extent that Defendant HRRG was retained by the original creditor to seek repayment of the underlying debt obligation from Plaintiff.  Otherwise, denied.

9.     Admitted to the extent that Defendant HRRG was retained by the original creditor to seek repayment of the underlying debt obligation from Plaintiff.  Otherwise, denied.

10.     Defendant lacks sufficient personal knowledge to either admit or deny the factual statement contained in this paragraph.  To the extent that the factual statement is asserted in an effort to demonstrate support for a claim against the Defendant, the paragraph is denied.

11.     Denied. Defendant demands strict proof thereof.

12.     Denied. Defendant demands strict proof thereof.

13.     Denied. Defendant demands strict proof thereof.

14.     Denied. Defendant demands strict proof thereof.

15.     Denied. Defendant demands strict proof thereof.

## COUNT I: FDCPA

16.     HRRG incorporates by reference all of its answers to the above paragraphs 1-15 of the Complaint as though fully stated herein.

17.     Denied. Defendant demands strict proof thereof.

18.     Denied. Defendant demands strict proof thereof.

19.     Denied. Defendant demands strict proof thereof.

20.     Denied. Defendant demands strict proof thereof.

21.     Denied. Defendant demands strict proof thereof.

22.     Denied. Defendant demands strict proof thereof.

23.     Denied. Defendant demands strict proof thereof.

24.     Denied. Defendant demands strict proof thereof.

## JURY DEMAND

25.     Defendant HRRG hereby demands a jury trial for any remaining unresolved issues of fact and/or law after the court consideration of any and all dispositive motions filed by Defendant HRRG.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff failed to state a claim upon which relief can be granted. Therefore, Plaintiff's claims should be dismissed pursuant to Rule 12(b)(6) Fed. R. Civ. P.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

**THIRD AFFIRMATIVE DEFENSE**

Any violation of the law or damage suffered by Plaintiff, which HRRG denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability against HRRG.

**FOURTH AFFIRMATIVE DEFENSE**

While HRRG denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then HRRG alleges such damage was not caused by HRRG but was proximately caused or contributed to by the conduct of others for whom HRRG is not responsible or liable.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for relief are barred in whole or in part because HRRG at all times acted in a reasonable manner and in good faith reliance upon other third parties.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff has been damaged, which HRRG specifically denies, Plaintiff has failed to mitigate those damages and therefore should not be able to recover any unmitigated damages from HRRG.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant affirmatively alleges that the alleged actions of Defendant and its agents and employees are protected by the "*bona fide error*" defense pursuant to the Fair Debt Collection

Practices Act since such actions or inactions, if they occurred, were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such error.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the number of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate his damages with respect to the matters alleged in the Complaint.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover any damages, or any recovery awarded since the alleged Defendant lacks the requisite intent required under 1692d(5).

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant affirmatively alleges that it is entitled to "safe harbor" protection (presumption of compliance) under Section 1006.14 (Regulation F) as the call frequency does not exceed the call restriction limitations imposed to violate 1692d(5).

**WHEREFORE,** Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES, prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. dismissing all alleged causes of action against HRRG with prejudice and on the merits; and

2. Award HRRG such other and further relief as the Court deems just and equitable, including its fees and reasonable costs in defending against this action.

Dated this **1st** day of August **2022.**

5

Respectfully submitted,

/s/ *Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **August 1, 2022,** via the Clerk of Court's CM/ECF system, which will provide electronic notice to the attorneys of record.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III
Florida Bar No.: 0110108
*SKohlmyer@shepardfirm.com*
service@shepardfirm.com
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, Florida 32751
Phone: (407) 622-1772
Fax: (407) 622-1884
*Attorneys for Defendant*